IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

NOVEMBER 1997 SESSION

FILED

December 17, 1997

Cecil W. Crowson
Appellate Court Clerk

GLENN HALLOCK,                )
                             )
        Appellant,            )        No. 01C01-9704-CR-00121
                             )
                             )        Wilson County
v.                           )
                             )         Honorable J.O. Bond, Judge
                             )
STATE OF TENNESSEE,          )         (Post-Conviction)
                             )
        Appellee.            )

For the Appellant:

Glenn Hallock, Pro se
Special Needs Facility
7575 Cockrill Bend Industrial Rd.
Nashville, TN 37209-1057

For the Appellee:

John Knox Walkup
Attorney General of Tennessee
        and
Elizabeth B. Marney
Assistant Attorney General of Tennessee
450 James Robertson Parkway
Nashville, TN 37243-0493

Tom P. Thompson, Jr.
District Attorney General
P.O. Box 178
Hartsville, TN 37074-0178
        and
Doug Hall
Assistant District Attorney General
111 Cherry Street
Lebanon, TN 37087

OPINION FILED:_____


AFFIRMED

Joseph M. Tipton
Judge

The petitioner, Glenn Hallock, appeals as of right from the Wilson County Criminal Court's judgment denying him post-conviction relief from his 1992 convictions for aggravated rape, rape, incest and aggravated sexual battery for which he received an effective sentence of thirty-eight years in the custody of the Department of Correction. The trial court held that the petition for relief was barred by the statute of limitations and that, in any event, the grounds asserted for relief had been previously determined or waived. The petitioner contends that his petition is not time barred and that the grounds have not been previously determined or waived. We affirm the trial court.

The petitioner's convictions were affirmed on appeal. State v. Glenn Hallock, No. 01-C-01-9301-CR-00002, Wilson County (Tenn. Crim. App. Oct. 7, 1993), app. denied (Tenn. Feb. 28, 1994). Under the then-existing Post Conviction Procedures Act, the petitioner had three years from the supreme court's denial of review being final within which to file his post-conviction petition. See T.C.A. § 40-30-102 (repealed 1995). However, under the 1995 Post-Conviction Procedures Act that controls all post-conviction petitions filed after May 10, 1995, any then-existing but unfiled claims were given only one year from May 10, 1995, to be filed by post-conviction petition. See T.C.A. § 40-30-202(a); Albert Holston v. State, 02C01-9609-CR-00298, Shelby County (Tenn. Crim. App. July 28, 1997). This means that the petitioner was required to file his petition on or before May 10, 1996. Thus, the petition in this case, filed on March 3, 1997, was untimely and is barred.

As for four of the grounds for relief that the petitioner raised in his petition, the record supports the conclusion that they were previously determined in his direct appeal. As for his remaining claim that the indictment failed to state offenses, our

supreme court's holding in <u>State v. Roger Dale Hill, Sr.</u>, No. 01-S-01-9701-CC-00005, Wayne County (Tenn. Nov. 3, 1997) (for publication), controls.  Under <u>Hill</u>, the allegations in the indictment charge the offenses for which the petitioner was prosecuted.

        In consideration of the foregoing, the judgment of the trial court is affirmed.

_____
Joseph M. Tipton, Judge

CONCUR:


_____
John H. Peay, Judge


_____
David H. Welles, Judge